IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HOLLY A. THOMAS, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-166 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| LOCKHEED MARTIN AEROPARTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

I.  INTRODUCTION

Presently before the Court is Defendant's motion to enforce a settlement agreement that was purportedly reached at a settlement conference convened on March 11, 2014. (ECF No. 28). At the conclusion of the conference, the parties reduced their purported settlement to a writing that included the "material terms of their agreement." (ECF No. 29 at 2). Plaintiff disputes the enforceability of the settlement agreement, arguing that the parties never entered a final settlement. (ECF No. 32).

This Court had originally scheduled an evidentiary hearing to permit the parties to address their respective understanding of the meaning of the terms of the settlement agreement. (ECF No. 36). In light of Plaintiff's inability to appear for the hearing[1], and in the interest of resolving this matter in a timely manner, the Court will now rule on the

---

[1] Plaintiff filed a motion to continue the evidentiary hearing in which she informed the Court that she would be unable to attend an evidentiary hearing for a period of at least two months. (ECF No. 39).

motion to enforce settlement without an evidentiary hearing. Though an evidentiary hearing would have assisted the Court in reaching a decision, the Court finds that it is able to rule on the motion without an evidentiary hearing.

For the reasons stated below, the Court will grant Defendant's motion to enforce the settlement agreement.

II.     **JURISDICTION AND VENUE**

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the events giving rise to the claim occurred in this judicial district.

III.     **BACKGROUND**

The Plaintiff, Ms. Holly Thomas ("Ms. Thomas"), initiated an action against her employer, Defendant Lockheed Martin Aeroparts, Inc. ("Lockheed Martin"), for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and other applicable law on July 29, 2013. (Compl. at ¶ 1). The parties purportedly reached an agreement to settle all of Ms. Thomas' claims against Lockheed Martin on March 11, 2014, based on mediation conducted by the Honorable Kenneth R. Benson (Ret.). (ECF No. 28 at ¶ 1). At the close of negotiations, the parties and their attorneys executed a term sheet that summarized all the material terms of the settlement. (*Id.* at ¶ 3; ECF No. 29 at 2). Lockheed

2

Martin's brief in support of the motion to enforce settlement includes the following description of the "material terms of the agreement":

1. The sum which Defendant was to pay;

2. Defendant's payment of Plaintiff's share of the mediation fee;

3. Confidentiality;

4. Non-disparagement;

5. Plaintiff's agreement that she would not apply for re-hire;

6. A full and general release of all claims by Plaintiff; and

7. Non-admission of liability by Defendant.

(ECF No. 29 at 2–3). Lockheed Martin states that the parties agreed that the material terms would be memorialized in a formal settlement agreement to be drafted by Lockheed Martin's attorneys once Ms. Thomas' counsel had reported the appropriate split of the settlement proceeds between her and her lawyers. (*Id.* at 3).

On April 1, 2014, Lockheed Martin's counsel forwarded to Ms. Thomas' counsel a Confidential Settlement Agreement and General Release for review by Ms. Thomas and her counsel in advance of execution. (*Id.*). Ms. Thomas' counsel requested that language be removed from the settlement's "Acknowledgments and Affirmations," and stated that once this language had been removed, he would "have it executed promptly." (*Id.* at 4, citing Exhibit 2 (April 2, 2014 email from Crystal Schwartz to Melissa Evans)). On April 14, 2014, Ms. Thomas' counsel and Lockheed Martin's counsel agreed to revise the language concerning confidentiality. (*Id.* at 5). On April 14, 2014, counsel for both parties had

3

a conference call to address the ongoing negotiations to finalize the language for the non-disclosure affirmation. (*Id.*).

On April 16, 2014, a revised, final version of the Settlement Agreement was transmitted to Ms. Thomas' counsel for Ms. Thomas' signature. (*Id.*). On May 9, 2014, Lockheed Martin was advised that Ms. Thomas was refusing to sign the Settlement Agreement. (*Id.* at 6). Ms. Thomas' counsel filed a motion to withdraw as counsel on the same day, citing irreconcilable differences that would substantially prejudice Ms. Thomas' representation if he were required to remain as counsel. (ECF No. 17 at ¶ 3).

Lockheed Martin now argues that an enforceable agreement to settle this case exists, and that Ms. Thomas' change of heart should not change the enforceability of the agreement. (ECF No. 28 at ¶¶ 7–9). Plaintiff counters that she never had the settlement agreement, never saw what was in it and told her attorney once she finally received it that she was not signing it unless he had language removed that had nothing to do with her case. (ECF No. 32 at 1–2).

The issue to be determined by the Court in deciding this motion is whether Lockheed Martin and Ms. Thomas executed an enforceable settlement agreement, despite Ms. Thomas' later refusal to sign the written agreement. For the reasons below, this Court finds that there is an enforceable agreement.

IV. **LEGAL STANDARD**

The courts encourage attempts to settle disagreements outside the context of litigation. *Wilcher v. City of Wilmington*, 139 F.3d 366, 372 (3d Cir. 1998). "A settlement agreement

4

is a contract and is interpreted according to local law." *Id.* (citing *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 79 (3d Cir. 1982)). It is the law in the Third Circuit that "an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." *Pugh v. Super Fresh Food Markets, Inc.*, 640 F. Supp. 1306, 1307 (E.D. Pa. 1986) (citing *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970)).

An enforceable settlement agreement must possess all of the elements of a valid contract. *Mazzella v. Koken,* 739 A.2d 531, 535 (Pa. 1999) (citations omitted). The court will enforce a settlement agreement if all of the material terms of the bargain are agreed upon. *Id.* at 537, citing *Miller v. Clay Twp,* 555 A.2d 972, 974 (Pa. Cmwlth. 1989). However, the court will set aside the agreement if there are "ambiguities and undetermined matters which render a settlement agreement impossible to understand and enforce." *Id.*, citing *Miller,* 555 A.2d at 974. An enforceable agreement also requires mutual assent. *Morales v. Sun Constructors, Inc.*, 541 F.3d 218, 221 (3d Cir. 2008), citing Restatement (Second) of Contracts § 17 (1981) (the Restatement). "Acceptance is measured not by the parties' subjective intent, but rather by their outward expressions of assent." *Id*. The Restatement observes that:

> The parties to most contracts give actual as well as apparent assent, but it is clear that a mental reservation of a party to a bargain does not impair the obligation he purports to undertake. The phrase used here, therefore, is "manifestation of mutual assent."

> Restatement § 17.

The Third Circuit has noted that "[i]t is hornbook law that evidence of preliminary negotiations or an agreement to enter into a binding contract in the future does not alone constitute a contract." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009) (quoting citing *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298 (3d Cir. 1986)). However, "parties may bind themselves contractually although they intend, at some later date, to draft a more formal document." *Id. (quoting Goldman v. McShain*, 247 A.2d 455, 459 (Pa. 1968)).

In order to prevail on a motion to enforce settlement, the moving party must satisfy the court that there are no disputed issues of material fact as to the validity of the settlement agreement. *Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991), citing Fed. R. Civ. P. 56(c). The court must determine whether the nature and extent of the parties' obligations are certain, and whether the parties agreed upon the material and necessary details of the bargain. *See Am. Eagle Outfitters*, 584 F.3d at 585, citing *Lombardo v. Gasparini Excavating Co.*, 385 Pa. 388, 393 (Pa. 1956). The Court must also determine whether "the terms are sufficiently definite to be specifically enforced." *Id., citing Channel Home Ctrs. v. Grossman*, 795 F.2d at 298–99. Whether the terms are sufficiently definite is a question of law. *Id.*, citing *Channel Home Ctrs.*, 795 F.2d at 300.

V.  **DISCUSSION**

   a. **The term sheet**

Both parties and their attorneys signed the term sheet which was drawn up at the close of settlement negotiations. (ECF No. 29 at 2). Ms. Thomas now argues that she

should not be bound by the settlement agreement because the written agreement has provisions unrelated to her case, and she did not have an opportunity to object to them. (ECF No. 32 at 1–2).

The term sheet provides that the parties to the case have agreed to settle it and summarizes the "material terms of their agreement." (ECF No. 29 at 2). As Lockheed Martin states in its brief in support of the motion to enforce settlement, the parties agreed that the material terms would be memorialized in a formal settlement agreement to be drafted by Lockheed Martin's attorneys. (*Id.* at 3).

Since Ms. Thomas did not sign the written agreement, which is more detailed than the term sheet, the Court must look to the term sheet to determine whether or not the parties manifested mutual assent, whether all the material terms were agreed upon and whether the term sheet is sufficiently definite to be enforceable. See *Morales*, 541 F.3d at 221; *Mazzella*, 739 A.2d at 537.

The Court finds that the execution of the material term sheet by both parties is sufficient evidence of the parties' mutual assent. Though Ms. Thomas objects to enforcement of the settlement agreement, her arguments are based on her disagreement with the terms of the written agreement presented to her, rather than the material term sheet executed by her and her attorney. (ECF No. 32 at 1–2).

The Court finds that the terms of the term sheet are sufficiently specific to render the term sheet enforceable. See *Channel Home Ctrs.*, 795 F.2d at 298–299. Though the material term sheet has been filed under seal, Lockheed Martin's brief provides a sufficiently

precise description of the terms of that sheet without requiring the Court to disclose the terms in this opinion. (ECF No. 29 at 2–3). The term sheet provides for a specific monetary amount which will be provided to Ms. Thomas as a settlement.[2] (*Id.* at 2). Further, the term sheet provides that Lockheed Martin will pay Ms. Thomas' portion of the mediation fee, and requires confidentiality, non-disparagement, and no application for employment. (*Id.* at 2–3). Finally, the term sheet provides for a "full and general release." (*Id.* at 3). The effect of a release in a contract is to be determined by the ordinary meaning of its language. *Taylor v. Solberg*, 778 A.2d 664, 667 (Pa. 2001), citing *Republic Ins. Co. v. Paul Davis Systems of Pittsburgh South, Inc.,* 670 A.2d 614, 615 (Pa. 1995); *Buttermore v. Aliquippa Hospital*, 561 A.2d 733, 735 (Pa. 1989). The Court finds that the full and general release language in the term sheet is sufficiently precise and definite to render the settlement agreement enforceable.

The Court finds that the parties manifested mutual assent, and that the term sheet evidenced the essential terms of the parties' agreement. In light of these considerations, the Court will enforce the settlement agreement to the extent that the terms of the agreement are set out in the material term sheet executed by the parties.

---

[2] The Court further notes that insofar as ¶ 2 of the written settlement agreement differs from what was agreed to by the parties, the Court will enforce the term of the term sheet regarding the settlement payment. In light of Ms. Thomas being pro se, the payment of the *full* amount of settlement is to be made directly to Ms. Thomas payable to her only, *not* to her and her former counsel.

### b. The written settlement agreement

"The obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one which pervades the law." *Good v. Pennsylvania Railroad Co.*, 384 F.2d 989, 990 (3d Cir. 1967).

Lockheed Martin concedes that neither Ms. Thomas nor her attorney signed the written settlement agreement drawn up by Lockheed Martin. (ECF No. 29 at 6). Ms. Thomas' attorney filed a motion to withdraw as attorney based on his irreconcilable differences with his client on the very day that he informed Lockheed Martin that she would not be executing the agreement. (ECF No. 17).

The Court finds that the written settlement agreement appears to reflect what was agreed by the parties at the close of settlement negotiations, with the exception of ¶ 2 regarding the manner in which the settlement amount is to be paid out. As Lockheed Martin attested, Ms. Thomas' attorney was to notify Lockheed Martin of the manner in which the settlement proceeds were to be split between him and his client. (ECF No. 29 at 3). The Court thus finds that the parties had not yet reached an agreement as to the manner in which the settlement would be paid out when the term sheet was agreed to. In light of the fact that Ms. Thomas did not assent to the written agreement (ECF No. 32 at 1–2), the Court will enforce the settlement agreement by enforcing the term sheet as executed and agreed to by the parties at the close of settlement negotiations.

**c. Attorneys' fees**

Lockheed Martin has requested that this Court award attorneys' fees incurred in preparing and presenting the motion to enforce the settlement agreement. (ECF No. 29 at 9). The Third Circuit has made the following observation regarding the award of attorneys' fees:

> Attorneys' fees and costs are not ordinarily recoverable and unless specifically authorized by statute are awarded only in extraordinary cases . . . Exceptions to this general rule which are rooted in the inherent equity power of the courts consist of the power to assess attorneys' fees for the willful disobedience of a court order as part of the fine to be levied on a defendant . . . and the authority to award attorneys' fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*Hobbs & Co., Inc. v. American Investors Management, Inc.*, 576 F.2d 29, 35 n. 18 (3d Cir. 1978), citing *Walther & Cie v. U.S. Fidelity & Guaranty Co.*, 397 F.Supp. 937, 946 (M.D. Pa. 1975) (citations omitted). Here, under all of the circumstances the Court finds that Ms. Thomas has not met the requirements for bad faith. As a result, this Court will deny Lockheed Martin's request for attorneys' fees.

**V.      CONCLUSION**

In light of the foregoing considerations, the Court finds that a valid and enforceable settlement exists between the parties. The Court will grant Lockheed Martin's motion to enforce the settlement agreement to the extent of enforcing the material term sheet executed at the close of settlement negotiations.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HOLLY A. THOMAS, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:13-166 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| LOCKHEED MARTIN AEROPARTS, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

NOW, this 20th day of March, 2015, this matter coming before the Court on Defendant's motion to enforce settlement agreement (ECF No. 28), **IT IS HEREBY ORDERED** that the motion is **GRANTED** in accordance with the foregoing Memorandum Opinion.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE